13-4670-cv
*Arnold v. Geary*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fourteen.

PRESENT:    RALPH K. WINTER,
            JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
                        *Circuit Judges.*

---

STANLEY A. ARNOLD,

    *Plaintiff-Appellant*,

      v.                                                    No. 13-4670-cv

MARTIN GEARY, ET AL.,

    *Defendants-Appellees*,

JOHN DOE, 1 THROUGH 5, ET AL.,

    *Defendants.*

---

**FOR STANLEY A. ARNOLD:**          Matthew Harris Goldsmith, Goldsmith & Associates, PLLC, New York, NY.

**FOR DEFENDANTS-APPELLEES:**       Darius P. Chafizadeh, Harris Beach PLLC, White Plains, NY.

Appeal from an order of the United States District Court for Southern District of New York (Gabriel W. Gorenstein, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Stanley A. Arnold appeals from the District Court's November 7, 2013 order denying his motion for reconsideration following the District Court's August 19, 2013 entry of summary judgment in favor of defendants on his claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

To succeed on a claim for false arrest or malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must establish, *inter alia*, an unreasonable deprivation of liberty in violation of the Fourth Amendment. *See Shain v. Ellison*, 273 F.3d 56, 67 (2d Cir. 2001) (false arrest); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) (malicious prosecution). A Section 1983 plaintiff must also demonstrate that the defendant's alleged misconduct was both the "but for" cause and the proximate cause of his injury. *See Zahrey v. Coffey*, 221 F.3d 342, 352 n.8 (2d Cir. 2000); *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999).

Upon review of the record and relevant law, we conclude that the District Court properly dismissed Arnold's claims for false arrest and malicious prosecution. As the District Court found, Arnold cannot show that his misdemeanor arrest deprived him of liberty because he was in custody on a previous robbery charge for the entire period that he was in custody for his misdemeanor charges. *See Singer*, 63 F.3d at 117. To the extent that Arnold argues he would not have been remanded on the robbery charge but for the allegedly false misdemeanor charges, the record contains no evidence beyond Arnold's mere speculation that the misdemeanor charges were the cause of his remand on the robbery charge. Indeed, the fact that the trial judge later set bail on Arnold's misdemeanor charges but continued his remand status on the robbery charge suggests quite the opposite.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to have this case referred to a United States Magistrate Judge.

We have considered all of the arguments raised by Arnold on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's August 19, 2013 judgment and November 7, 2013 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk